UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

JOYCE PARKS,

                                      Plaintiff,

                    -against-

PRESTIGE MANAGEMENT, INC., MADISON SECURITY
GROUP, INC., DET. HERIBERTO VAZQUEZ, DET.
JESSICA RIVERA-CAICED[O], ROBERT JAMES,
ORLANDO OSORIO, NEW YORK CITY, CARLOS
MATOS, SGT. CHRISTOPHER DALY,

                                    Defendants.
------------------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 21, 2017

**STIPULATION OF SETTLEMENT**

16 Civ. 2072 (KPF) (SN)

        **WHEREAS,** plaintiff commenced this action by filing a complaint on or about March 17, 2016, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

        **WHEREAS,** defendants, Prestige Management Inc. and Orlando Osorio (hereinafter the "Management Defendants"), Madison Security Group, Inc. and Robert James (hereinafter the "Security Defendants"), City of New York, Detective Heriberto Vasquez, Detective Carlos Matos, Sergeant Christopher Daly, and Detective Jessica Rivera-Caicedo (hereinafter the "City Defendants"), have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

        **WHEREAS,** the Management Defendants have authorized their counsel, Goldberg Segalla LLP, to settle this matter on the terms set forth below;

**WHEREAS,** the Security Defendants have authorized their counsel, Ahmuty, Demers & McManus, to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees, except as specified in paragraphs "2" through "4" below.

2. Defendant City of New York hereby agrees to pay plaintiff Joyce Parks the sum of Five Thousand ($5,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the City Defendants and to release defendants City of New York, Detective Vasquez, Detective Matos, Sergeant Daly, and Detective Rivera-Caicedo; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Defendant Prestige Management, Inc. hereby agrees to pay plaintiff Joyce Parks the sum of Five Thousand ($5,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the Management Defendants and to release defendants Prestige Management, Inc. (including the related entity, Esplanade Gardens, Inc.), and Orlando Osorio; their successors or assigns; and all past and present officials, employees,

representatives, insurers, and agents of Prestige Management, Inc., from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

4. Defendant Madison Security Group, Inc. hereby agrees to pay plaintiff Joyce Parks the sum of Five Thousand ($5,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the Security Defendants and to release defendants Madison Security Group, Inc. and Robert James; their successors or assigns; and all past and present officials, employees, representatives, and agents of the Madison Security Group, Inc., from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

5. In consideration of the settlement amount to be paid by the City of New York as set forth in paragraph "2", *supra*, the Management Defendants agree to release the City of New York, and any present or former employees or agents of the City of New York from any and all liability, cross or counter claims, or rights of action arising from this action or which could have been asserted in this action, including claims for costs, expenses and attorneys' fees.

6. In consideration of the settlement amount to be paid by the City of New York as set forth in paragraph "2", *supra*, the Security Defendants agree to release the City of New York, and any present or former employees or agents of the City of New York from any and all liability, cross or counter claims, or rights of action arising from this action or which could have been asserted in this action, including claims for costs, expenses and attorneys' fees.

7. Plaintiff shall execute and deliver to the City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraphs "2" through "4" above and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from their Medicare provider(s) for the reimbursement of any conditional payments made for the injuries claimed in this matter. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

8. The Management Defendants shall execute and deliver to the City of New York's attorney General Releases based on the terms of paragraph "5" above.

9. The Security Defendants shall execute and deliver to the City of New York's attorney General Releases based on the terms of paragraph "6" above.

10. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

11. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

12. Plaintiff agrees to hold harmless defendants regarding any past and/or future Medicare claims, presently known or unknown, in connection with this matter. If Medicare claims are not satisfied, defendants reserve the right to issue a multiparty settlement check naming the Medicare provider as a payee or to issue a check directly to the Medicare provider for the amount claimed in the Medicare provider's final demand letter.

13. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
November 21, 2017

_____
Joyce Parks
Plaintiff Pro se
101 West 147 Street
Apt# 4G
New York, NY 10039

ZACHARY W. CARTER
Corporation Counsel of the
  City of New York
*Attorney for Defendants City, Vasquez,
  Matos, Daly, and Rivera-Calcedo*
100 Church Street, 3rd Floor
New York, New York 10007

By: _____
John L. Garcia
*Assistant Corporation Counsel*

AHMUTY, DEMERS & MCMANUS
*Attorneys for Defendant Madison Security
  Group, Inc. and Robert James*
199 Water Street, 16th Floor
New York, New York 10038
(646) 536-5790

By: _____
THOMAS CHOJNACKI

GOLDBERG SEGALLA LLP
*Attorneys for Defendants Prestige
  Management, Inc. and Orlando Osorio*
200 Garden City Plaza, Suite 520
Garden City, New York 11530
(516) 281-9880

By: _____
MATTHEW V. BRUNO

Dated: New York, New York
       November 21, 2017

SO ORDERED.

_____
HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

6